IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANK JAMES BURNETT,**
                **Plaintiff,**
     v.                             **CASE NO. 07-3039-SAC**
**INMAN POLICE DEPARTMENT,**
                **Defendant.**


**FRANK JAMES BURNETT,**
                **Plaintiff,**
     v.                             **CASE NO. 07-3040-SAC**
**CITY OF INMAN,**
                **Defendant.**


**FRANK JAMES BURNETT,**
                **Plaintiff,**
     v.                             **CASE NO. 07-3041-SAC**
**JAMES HOGUE,**
                **Defendant.**


**O R D E R**

Plaintiff, a prisoner confined in the McPherson County jail in McPherson, Kansas, proceeds pro se on three complaints filed in the United States District Court for the Western District of Missouri on January 22 and February 5, 2007. That court construed the complaints as seeking relief under 42 U.S.C. § 1983,[1] and granted plaintiff provisional leave to proceed in forma pauperis for the

---

[1] Plaintiff titled each complaint as filed under 28 U.S.C. § 2255, a statute providing for collateral review by a federal sentencing court of a prisoner's federal conviction. Because there is nothing to suggest plaintiff is a person subject to a federal conviction or sentence, this court continues to liberally construe each pro se complaint as seeking relief under 42 U.S.C. § 1983.

limited purpose of transferring each case to the District of Kansas.

In the three complaints, plaintiff seeks relief from various defendants for the alleged violation of his constitutional rights during his arrest by police officer Hogue on February 6, 2005. Having reviewed plaintiff's allegations, the court consolidates on its own motion the three complaints captioned herein, and considers plaintiff's common motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 in the consolidated action.

A prisoner seeking to bring a civil action or appeal without prepayment of fees is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). The court finds plaintiff's motion for leave to proceed in forma pauperis does not meet these requirements. *See also* D.Kan.Rule 9.1(g)(court form to be used by prisoner seeking leave to proceed in forma pauperis).

Nor has plaintiff submitted a certified copy of his institutional account for the six months immediately preceding the filing of any of the complaints consolidated by the court, as required by 28 U.S.C. § 1915(a)(2).

Plaintiff is granted additional time to satisfy these statutory requirements. The failure to file an executed form motion and appropriate certified financial records in a timely manner may result in plaintiff's motion for leave to proceed in forma pauperis being denied, and the consolidated complaint being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that the three cases captioned herein are consolidated by the court.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to submit an executed form motion for seeking leave to proceed in forma pauperis in this consolidated action, supported by a certified copy of plaintiff's institutional financial records for the six months preceding February 5, 2007.

The clerk's office is to provide plaintiff with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 26th day of February 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge