IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK JAMES BURNETT,
               Plaintiff,
     v.                                          CASE NO. 07-3039-SAC
INMAN POLICE DEPARTMENT,
               Defendant.


FRANK JAMES BURNETT,
               Plaintiff,
     v.                                          CASE NO. 07-3040-SAC
CITY OF INMAN,
               Defendant.


FRANK JAMES BURNETT,
             Plaintiff,
     v.                                        CASE NO. 07-3041-SAC
JAMES HOGUE,
               Defendant.


**O R D E R**

    Plaintiff, a prisoner confined in the McPherson County jail in McPherson, Kansas, proceeds pro se on three complaints filed in the United States District Court for the Western District of Missouri on January 22 and February 5, 2007. Plaintiff filed no objection to the court's consolidation of the three complaint captioned herein, and to the court's consideration of the consolidated action as one seeking relief under 42 U.S.C. § 1983.

    Plaintiff seeks relief from various defendants for the alleged violation of his constitutional rights during his arrest by police officer Hogue in February 2005. The three defendants named are the

City of Inman Police Department, the City of Inman, and Officer Hogue. Having reviewed the consolidated record, the court finds this action is subject to being summarily dismissed because plaintiff's allegations state no claim for relief under 42 U.S.C. § 1983 against any of the three defendants.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court first finds the Inman police department is not a proper entity capable of being sued, thus this defendant is subject to being summarily dismissed. *See* Carey v. Lawton Correctional Facility, 2008 WL 200053, *3 (W.D.Okla. 2008)(unpublished opinion)(noting majority view that detention facility lacks capacity to be sued, citing cases); Aston v. Cunningham, 2000 WL 796086 at *4 n.3 (10th Cir. Jun.21, 2000)(unpublished opinion)("[Plaintiff] named the Salt Lake County jail as a defendant. Dismissal against this entity was also required because a detention facility is not a

2

person or legally created entity capable of being sued."); <u>Orraca v. City of New York</u>, 897 F. Supp. 148, 151-52 (S.D.N.Y. 1995) (holding that neither the police department or its precinct have the authority to sue or be sued, and therefore the claims against these defendants under § 1983 were dismissed).

The court next finds plaintiff alleges no deprivation of his rights pursuant to a policy or procedure of the City of Inman, thus plaintiff's allegations are insufficient on their face to state an actionable claim based on municipal liability. *See* <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978)(for a city to be liable under § 1983, plaintiff must demonstrate deprivation of constitutional rights pursuant to a city policy or custom).  Absent a showing of a causal link between an official policy or custom and the plaintiff's injury, <u>Monell</u> prohibits a finding of liability against a municipality. <u>D.T. by M.T. v. Independent School Dist. No. 16 of Pawnee County, Okl</u>, 894 F.2d 1176, 1187 (10th Cir.) *cert. denied*, 498 U.S. 879 (1990).

The court further finds plaintiff's allegations against Officer Hogue are insufficient to state a constitutional claim for proceeding under 42 U.S.C. § 1983.  Plaintiff states Officer Hogue used unreasonable and excessive force in an unsuccessful attempt to seize plaintiff while plaintiff was escaping apprehension. Plaintiff cites a bleeding scalp wound from being hit by the officer during a struggle, and cites the officer's firing of a gun as plaintiff fled.  From the records available to the court, it appears plaintiff was sentenced in November 2006 on charges of burglary and obstruction of legal process, for offense behavior on February 6,

2005.[1]

To the extent plaintiff seeks damages from Officer Hogue for battery or other state torts, no cause of action arises under 42 U.S.C. § 1983. *See* DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law). *See also* 28 U.S.C. § 1367(c)(3)(a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").

To proceed on a constitutional claim of being subjected to excessive force during an arrest or seizure by the police, plaintiff must allege facts that would support a plausible finding that Officer Hogue's use of force was unreasonable under the circumstances. *See* Graham v. Connor, 490 U.S. 386, 396-97 (1989)(claim that police used excessive force in making an arrest is to be analyzed under Fourth Amendment prohibition against unreasonable searches and seizures). The reasonableness of an officer's use of force is to be determined objectively from the perspective of a reasonable officer at the scene at the time. Id. In weighing the facts and circumstances confronting the officer the court is to consider the severity of the crime, whether the suspect posed an immediate threat to anyone's safety, and whether the suspect is "actively resisting arrest or attempting to evade arrest by flight." Id. at 396. Here, plaintiff's allegations appear too

---

[1] *See* Kansas Department of Corrections webpage, www.doc.ks.gov/kasper, providing conviction history for Kansas prisoners).

meager on their face to plausibly find the officer's use of force was unreasonable under the circumstances.

Plaintiff alleges only that the wound to his scalp resulted in bleeding, and indicates nothing more to suggest the injury was serious. Whether plaintiff sustained his scalp wound by being hit with the officer's elbow (as he claims the officer testified) or by the officer's gun (as plaintiff contends), this alleged use of force was not objectively unreasonable in the context of plaintiff's admission that it occurred as he struggled and escaped from the officer. To the extent plaintiff states the officer then fired his weapon at plaintiff "in a fit of rage" while plaintiff was fleeing, the officer's alleged underlying motivation is not a consideration in determining the reasonableness of the officer's action under the Fourth Amendment. Id. And if the officer's seizure of plaintiff had terminated with plaintiff's escape from that struggle, the officer's firing of his weapon without resulting injury to plaintiff is insufficient to "shock the conscience" for the purpose of stating a cognizable constitutional claim of being denied substantive due process guarantees under the Fourteenth Amendment. See id. at 392-95 (discussing substantive due process standard for claims of excessive force outside "the course of an arrest, investigatory stop, or other 'seizure' of a free citizen").

Additionally, to the extent plaintiff alleges the officer wrote a false report upon which charges were based, and alleges the officer perjured himself while testifying in plaintiff's criminal proceeding, plaintiff's claim for damages against the officer would be barred if relief on plaintiff's instant claims would necessarily

5

implicate the validity of plaintiff's conviction, and if the implicated conviction had not been reversed or set aside. *See* Heck v. Humphrey, 512 U.S. 477 486-87 (1994); Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007).

Notice and Show Cause Order to Plaintiff

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed for the reasons stated herein, as failing to state a claim upon which relief can be granted under 42 U.S.C. § 1983.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's pending motions for leave to proceed in forma pauperis are granted, with payment of the full $350.00 district court filing fee in this consolidated civil action to be collected as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint as consolidated by the court

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 10th day of June 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge